ECO SWISS CHINA TIME LTD.

v.

TIMEX CORPORATION.

No. 3:96mc34 (JBA).

United States District Court, D. Connecticut.

Oct. 23, 1996.

Peter W. Peterson, Delio & Associates, New Haven, CT, for plaintiff.

Frank T. Judge, III, Timex Corp., Middlebury, CT, Thomas J. Hall, Chadbourne & Parke, New York City, for defendant.

### RULING ON OBJECTIONS [doc. # 23]

ARTERTON, District Judge.

Defendant objects to the Ruling on Motion for Discovery (Magistrate Judge Smith), filed June 13, 1996 [doc. # 14] on two grounds (other than disagreement with the conclusion). First, defendant maintains that the discovery ordered should be stayed until (and if) the Arbitration Panel determines the enforceability of the 1986 Agreement, since the discovery is unrelated to that threshold determination. The Court directs the parties to update Magistrate Judge Smith on arbitration developments to enable him to assess the appropriateness of a stay in connection with his consideration of Plaintiff's Motion to Compel [doc. # 18] which has been referred to him (August 21, 1996).

Defendant's second objection, that the Magistrate's Ruling lacked a basis for determining the materiality of the discovery sought from Timex to the arbitration claims, is overruled. This argument was raised with and considered by Magistrate Judge Smith, and his express finding to the contrary will not be overruled.

Upon review and pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 2 of the Local Rules for United States Magistrates (D.Conn.1995), this recommended ruling [doc. # 14] is APPROVED and ADOPTED as the ruling of this Court, over objection.

IT IS SO ORDERED.

### RULING ON MOTION FOR DISCOVERY

SMITH, United States Magistrate Judge.

The plaintiff, Eco Swiss China, Inc. ("Eco Swiss"), has filed this miscellaneous action seeking discovery pursuant to 28 U.S.C. § 1782. The discovery sought is related to actions before the Netherlands Arbitration Institute, the District Court of the Hague and the Court of Appeals of the Hague in the Netherlands. These underlying actions involve the termination of a licensing agreement between the plaintiff and Benetton International N.V. ("Benetton"). The defendant in the present action, Timex Corporation ("Timex"), resists the discovery sought on several grounds. For the reasons that follow, the plaintiff's motion for discovery is **GRANTED in part and DENIED in part.**

### FACTS

On July 1, 1986, the plaintiff entered into a eight-year licensing agreement with Benetton under which the plaintiff was licensed to use the Benetton trademark on timepieces. The agreement expired on June 30, 1994, and provided that commencing at least one year before that date, the parties would engage in good faith negotiations for an extension of the licensing agreement beyond the stated termination date.

The plaintiff alleges that in June 1991, Benetton attempted to terminate the license agreement. The plaintiff commenced an action before the Netherlands Arbitration Institute ("NAI") seeking a declaration that the agreement was in effect and damages for wrongful termination of the agreement. On February 4, 1993, the NAI declared the license agreement to be in full force and effect.

In response to the plaintiff's action, Benetton commenced a second arbitration proceeding seeking declaratory judgment regarding its fulfillment of the extension obligations

under the agreement. The plaintiff maintains that Benetton failed to negotiate in good faith with the plaintiff for an extension of the licensing agreement.

On December 22–23, 1993, a three party joint venture agreement was executed among Benetton, Junghans Uhren GmbH and Timex Shaye Holdings, Limited d/b/a TMX Limited, an affiliate of Timex Corporation. That agreement provided that the joint venture would sell timepieces with the Benetton trademark after expiration of the Eco Swiss license agreement on June 30, 1994.

After the February 1994 public announcement of the creation of the joint venture, on March 3, 1994, the plaintiff filed an action in the District Court for the District of Connecticut against the defendant herein, Timex Corporation, for tortious interference with contract and with business relations and for violations of the Connecticut Unfair Trade Practices Act ("CUTPA"). *See Eco Swiss v. Timex Corp.,* 3:94CV317(DJS). That action was dismissed without prejudice by consent of the parties on July 31, 1995.

On June 23, 1995, the NAI issued a final award in the plaintiff's arbitration ordering Benetton to compensate the plaintiff for damages it suffered as a result of Benetton's illegal repudiation of the agreement in the amount of $23,750,000. That award is currently on appeal.

## STANDARD

The plaintiff seeks discovery pursuant to 28 U.S.C. § 1782 which is entitled "Assistance to foreign and international tribunals and to litigants before such tribunals." 28 U.S.C. § 1782. Section 1782 provides, in relevant part, as follows:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other

thing for use in a proceeding in a foreign or international tribunal.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a). "'The statutory language is unambiguous in its requirements: (1) the person from whom discovery is sought must reside or be found in the district of the district court to which the application is made, (2) the discovery must be "for use in a proceeding in a foreign or international tribunal," and (3) the application must be made "by a foreign or international tribunal" or by "any interested person."'" *In re Application of Millagros Matarazzo De Sousa Lage,* Civil No. 3:94MC333(AHN), slip. op. at 2 (quoting *In re Application of Gianoli Aldunate,* 3 F.3d 54, 58–59 (2d Cir.) (quoting 28 U.S.C. § 1728), *cert. denied,* 510 U.S. 965, 114 S.Ct. 443, 126 L.Ed.2d 376 (1993)).

■ After the court has determined that these "threshold requirements have been met, it must then determine whether issuing an order pursuant to section 1782 would comport with that section's purposes." *In re Matarazzo,* slip. op. at 2 (citing *Gianoli,* 3 F.3d at 60, 62).[1]

## DISCUSSION

There appears to be no dispute that the within application satisfies the three threshold requirements of section 1782; the defendant resides in Connecticut, the discovery sought is intended for use in a foreign proceeding and it is sought by an "interested person," namely, a party to the foreign litiga-

---

1. The Second Circuit has recognized section 1782's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Application of Malev Hungarian Airlines,* 964 F.2d 97, 100 (2d Cir.), *cert. denied,* 506 U.S. 861, 113 S.Ct. 179, 121 L.Ed.2d 125 (1992). "In particu-

lar, the District Court should consider whether issuing the order would further the policy considerations of 'maintaining the balance between litigants that each nation creates within its own judicial system, preventing circumvention of foreign restrictions on discovery and avoiding offense to foreign tribunals.'" *In re Matarazzo,* slip. op. at 3 (quoting *Gianoli,* 3 F.3d at 60).

tion and to the licensing agreement at issue in that proceeding. The question, therefore, is whether ordering discovery comports with the purposes of section 1782.

The plaintiff seeks discovery of information related to the underlying Dutch actions from a nonparty to those actions, Timex. Specifically, the plaintiff seeks the following:

a. any communication and/or other documents concerning the availability of rights to use the Benetton trademarks and/or logos in connection with timepieces during the period prior to 1 July 1995.

b. any communication and/or other documents concerning the performance of Eco Swiss ... under its 1 July 1986 License Agreement with Benetton ...

c. any communication and/or other documents concerning Eco Swiss['] ... 1993 intergroup transfer of assets.

d. any communication and/or other documents concerning discussions between Eco Swiss ... and Benetton ... on the subject of extending their 1 July 1986 License Agreement.

e. any communications, negotiations and/or contracts between or among Timex Corporation, Junghans Uhren GmbH and/or Benetton ..., or any of their respective parent companies, subsidiaries or affiliates, concerning the licensing of the BENETTON trademark in respect of timepieces, or concerning the manufacturing, assembling, distributing or marketing of timepieces bearing the BENETTON trademark.

f. any communications, negotiations and/or contracts on or before July 1, 1994 between or among Timex ..., Junghans ... and/or Benetton ..., or any of their respective parent companies, subsidiaries or affiliates, concerning the manufacture, assembly, distribution or marketing of timepieces bearing the BENETTON trademark, including, but not limited to, the development and display of prototypes, and, including, but not limited to any communications, negotiations, contracts or discussions with any customers or distributors concerning timepieces bearing the BENETTON trademark.

g. any communications, statements or projections, including all supporting information, prepared or distributed by Junghans ..., and/or Benetton ..., or any of their respective parent companies, subsidiaries, affiliates concerning the market potential of timepieces bearing the BENETTON trademark.

■ The defendant first responds that the plaintiff's application for discovery does not meet procedural requirements. The defendant having received notice of the application and having filed an opposition thereto and the application having been simply treated as a motion and given a miscellaneous civil case number, however, the defendants objections based upon procedure are hereby overruled.

■ The defendants also object that the motion does not sufficiently refer to the underlying proceeding in relation to which discovery is sought and fails to articulate how the information sought is relevant to the issues in that proceeding. The plaintiff, however, refers to the pending Dutch proceedings, including the matter pending before the NAI in which the issue is whether Benetton fulfilled its obligations to negotiate for an extension of the Licensing Agreement in good faith. The court concludes, therefore, that the plaintiff has sufficiently identified the underlying foreign proceeding with respect to which discovery is sought.

The defendant also objects to disclosure of the requested information on the grounds that, 1) the relief sought is discretionary; 2) the type of discovery requested is not available in the foreign tribunal; and 3) production of the discovery sought would impose a considerable burden and expense on Timex. Finally, the defendant states that if the plaintiff's application is granted, the court should impose conditions and tailor the discovery permitted.

In *In re Application of Gianoli*, 3 F.3d 54 (2d Cir.1993), the Second Circuit held that "section 1782 does not impose the requirement that the material sought in the United States be discoverable under the laws of the foreign jurisdiction." *Id.* at 58. The Second Circuit went on to note that the court is not "free to read extra-statutory barriers into

section 1782." *Id.* at 59 (citing *In re Malev Hungarian Airlines,* 964 F.2d 97, 100 (2d Cir.), *cert. denied sub nom., United Technologies v. Malev Hungarian Airlines,* 506 U.S. 861, 113 S.Ct. 179, 121 L.Ed.2d 125 (1992) (holding that the court may not impose the extra-statutory barrier of a "quasi-exhaustion" requirement in the foreign tribunal)).

The Second Circuit, in *In re Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095 (2d Cir.1995), also noted that section 1782 " 'grants wide assistance to others, but demands nothing in return.' " *Id.* at 1097 (quoting Amram, *The Proposed International Convention on the Service of Documents Abroad,* 51 A.B.A.J. 650, 651 (1965)) (citing *John Deere Ltd. v. Sperry Corp.,* 754 F.2d 132, 135 (3d Cir.1985) (holding that section 1782 "does not require reciprocity as a predicate to the grant of a discovery order")). The court also recognized that the district courts should not engage in an "extensive examination of foreign law regarding the existence and extent of discovery in the forum country...." *Id.* at 1099. The district court "should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782." *Id.* at 1100.[2] The Second Circuit in *Euromepa* went on to recognize section 1782's "overarching interest in 'providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.' " *Id.* (quoting S.Rep. No. 1580, 88th Cong., 2d Sess. (1964), *reprinted in* 1964 U.S.C.C.A.N. 3782, 3783)). The court interpreted "section 1782's investment of broad discretion in the district court as an invitation for district judges to fashion creative means of implementing the statutes double goal: promoting efficiency in international litigation and persuading other nations, by example, to do the same." *Euromepa,* 51 F.3d at 1102. The Second Circuit concluded that "absent specific directions to the contrary from a foreign forum, the statute's underlying policy should generally prompt district courts to provide some form of discovery assistance." *Id.* at 1102.

In this case, the defendant states that a discovery order pursuant to section 1782 would be improper and an end run of the Dutch proceedings in light of the fact that the foreign tribunal has refused to *mandate* discovery. There has been no evidence, however, that the foreign tribunal has prohibited any discovery or that the law of that jurisdiction in any way prohibits the use of the discovery sought. *See id.; Matarazzo,* slip. op. at 7 (citing *Gianoli,* 3 F.3d at 61). In addition, the defendant's suggestion that the court require the plaintiff to request the discovery sought from Benetton in the foreign proceeding before making the instant request upon Timex and to condition relief upon reciprocal discovery in that proceeding is inconsistent with the relevant case law. *See Euromepa,* 51 F.3d at 1097; *Gianoli,* 3 F.3d at 59.

The purposes of section 1782 would be best served by permitting discovery in this matter. Discovery will further the statute's purpose in providing assistance to foreign litigants and the defendant's arguments in opposition do not outweigh this benefit. Further, permitting discovery will not significantly upset the balance between the litigants. After review of the papers filed in connection with the instant discovery request and after consideration of all of counsels' arguments, the court concludes as follows with respect to each of the plaintiff's requests:

*Request No. 1*

The plaintiff's first request is **GRANTED in part and DENIED in part.** The request is granted with respect to information during the period prior to June 30, 1994, and is denied with respect to information after that period.

*Request No. 2*

The plaintiff's second request is **GRANTED.**

*Request No. 3*

The plaintiff's third request is **DENIED;** as the request fails to clearly set forth the information sought.

---

2. In *In re Matarazzo,* Civil No. 3:94MC333 (AHN), the court granted the plaintiff's application for discovery, noting that one goal of section 1782 is "to provide assistance to foreign litigants." The court recognized the significant differences between American and French procedure, but despite those differences, the court did not find that an order of discovery would offend the foreign tribunal. *Id.* at 8.

*Request No. 4*

The plaintiff's fourth request is **GRANTED.**

*Request No. 5*

The plaintiff's fifth request is **GRANTED in part and DENIED in part.** The request is granted with respect to information during the period prior to June 30, 1994, and is denied with respect to information after that period.

*Request No. 6*

The plaintiff's sixth request is **GRANTED.**

*Request No. 7*

The plaintiff's seventh request is **DENIED;** as the plaintiff has failed to argue and/or prove the potential relevance of the requested information in the foreign proceeding.

### CONCLUSION

For the foregoing reasons, the plaintiff's motion for discovery pursuant to 28 U.S.C. § 1782 (**document no. 1**) is **GRANTED in part and DENIED in part.**

It is so ordered this 13th day of June, 1996 at Hartford, Connecticut.